UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        v.<br><br>JOHN K. ROSENBAUM, JR.,<br><br>        Defendant. | No. 2:12-cr-00007-LGW-JEG-1 |

### NON-PARTY GOOGLE INC.'S MOTION TO QUASH
### WITNESS SUBPOENA AND MEMORANDUM IN SUPPORT

#### I.     INTRODUCTION & FACTUAL SUMMARY

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records at trial. To that end, more than a year ago Google Inc. ("Google") provided the government with a 902(11) declaration to authenticate and admit certain email records that Google produced in response to a search warrant and that the government intends to use at the trial scheduled in this matter for February 12, 2013. Nevertheless, the government has served Google with a witness subpoena to authenticate these business records at trial. *See* Exhibit 1 (hereafter, the "Witness Subpoena"). Despite the dictates of Rule 902(11), the Witness Subpoena demands that Google send one of its California-based records custodians across the country to provide testimony on information that is well within the ambit of information covered by Rules 803(6) and 902(11). Google understands the government has sought a stipulation from defense counsel as to the authenticity of these records, but no stipulation has yet been reached.

Accordingly, Google respectfully requests that the Witness Subpoena be quashed because its business records can be authenticated and admitted without live testimony, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

II. ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., United States v. Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a witness subpoena under Rule 17(c)(2)); *U.S. v. Washington*, No. CR 11–61–M–DLC, 2012 WL 3061519 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

A. **The Testimony Contemplated by the Witness Subpoena is Duplicative and Unnecessary.**

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for records of regularly conducted activity "as shown by the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11)*…." (emphasis added).

Federal Rule of Evidence 902(11) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—
>
> **(A)** was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> **(B)** was kept in the course of the regularly conducted activity; and
>
> **(C)** was made by the regularly conducted activity as a

regular practice.

In the case at bar, there is no dispute that the documents produced by Google in response to the warrant are business records under Rule 803(6). There is also no dispute that the declaration that accompanied Google's document production complies with Federal Rule 902(11). Therefore, the documents produced by Google in response to the warrant have been authenticated and the government's request for further testimony as to their authenticity is duplicative and unreasonable. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527, 2539 (2009) (a clerk can by affidavit authenticate or provide a copy of an otherwise admissible record); *United States v. Green,* 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Metro PCS custodian) (unpublished); *U.S. v. Brito*, No. 1:11–cr–00060, 2012 WL 484829, at *10 (N.D. Ga. Feb. 9, 2012) (granting government's motion to introduce telephone records via business record certification from the provider); *cf. U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted); *U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial.").[1]

---

[1] *See also U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *U.S. v. Johnson*, 688 F.3d 494, 504 (8th Cir. 2012) ("[C]ertificates of authenticity presented

Indeed, to enforce the Witness Subpoena would defeat the very purpose for which Rule 902(11) was enacted, for as noted by one of the drafters of the rule:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d. 1008, 1052 (N.D. Ill. 2006); *see also Lorraine v. Markel American Insurance Co.,* 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes,* No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") quoting Advisory Committee Notes, 2000 Amendments to Rule 902.

B.  **The Burden Imposed on Google by Complying With the Witness Subpoena Outweighs Any Purported Interest in Enforcing the Subpoena.**

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

---

under Rule 902(11) are not testimonial.") (collecting cases); *U.S. v. Mallory*, 461 Fed. Appx. 352, 357, 2012 WL 149797, at *4 (4th Cir. Jan. 19, 2012) ("Melendez-Diaz makes clear that the Sixth Amendment right to confront witnesses does not include the right to confront a records custodian who submits a Rule 902(11) certification of a record that was created in the course of a regularly conducted business activity.") (unpublished); *U.S. v. Ward*, CR 11-01067-TJH, Order Granting Non-party Google Inc.'s Ex Parte Application or, in the Alternative, Motion to Quash Witness Subpoena (C.D. Cal. June 28, 2012).

-4-

When assessing a motion to quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.32 (3d ed. 2007) citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003).

The government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven: the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11). Indeed, it is Google's understanding that the government would prefer to introduce these records through Google's declaration rather than live testimony, but it has been forced to issue the Witness Subpoena because of defendant's failure to stipulate to authenticity even though the cases cited above demonstrate that defendant cannot have any valid objection to Google's declaration.

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena. Specifically, Google maintains a dedicated team for responding to legal process. *See* Declaration of Darren Hubbard at ¶ 2 (attached hereto as Exhibit 2). Google's team receives literally tens of thousands of requests for records on an annual basis. *Id*. The types of investigations that lead to these requests run the gamut from kidnappings and other emergencies, to routine civil and criminal demands for records. *Id*. Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). *Id*. If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send one of its California-based records custodians to attend each

and every criminal trial throughout the country in which its business records are offered as evidence, it would simply be impossible for Google to sufficiently staff its team.  *Id*.

Accordingly, when the government's tenuous interest in enforcing the Witness Subpoena is weighed against Google's interest in seeing that one of its records custodians is not forced to fly across the country to give mere minutes of testimony, the balance favors Google.

### III.   CONCLUSION

For the reasons stated, the Witness Subpoena is unreasonable and oppressive and should therefore be quashed in its entirety.

|  |  |
|---|---|
| | Respectfully submitted, |
| | */s/ Daniel B. Snipes*_____ |
| | Daniel B. Snipes |
| Dated: February 4, 2013 | Georgia Bar No. 665769 |
| | Franklin, Taulbee, Rushing, Snipes & Marsh, LLC |
| | 12 Siebald Street |
| | P.O. Box 327 |
| | Statesboro, GA  30458 |
| | Tel.:  (912) 764-9055 |
| | Fax:  (912) 764-8687 |
| | dsnipes@ftrsm.com |
| | |
| | *Of Counsel:* |
| | |
| | John K. Roche |
| | Perkins Coie LLP |
| | 700 13th St., N.W., Suite 600 |
| | Washington, D.C. 20005-3960 |
| | Phone: 202-434-1627 |
| | Fax: 202-654-9106 |
| | JRoche@perkinscoie.com |
| | |
| | *Attorney for Google Inc.* |

**CERTIFICATE OF SERVICE**

        This is to certify that I have this date electronically filed a true and correct copy of the foregoing Notice of Entry of Appearance through the Court's CM/ECF System which will send email notifications to:

| | |
|---|---|
| T. Shane Mayes<br>U.S. Attorney's Office – Savannah<br>P.O. Box 8970<br>Savannah, GA  31412<br>912-201-2567<br>Fax: 912-652-4388<br>shane.mayes@usdoj.gov<br><br>*Attorneys for the United States* | James R. Newton<br>155 Wood Crest Circle<br>Brunswick, GA 31525-6878<br>912-222-0760<br>Fax: 912-267-5731<br>newtonsdga@att.net<br><br>*Attorney for Defendant* |

                                            FRANKLIN, TAULBEE, RUSHING,
                                            SNIPES & MARSH, LLC

                                            */s/ Daniel B. Snipes*_____
                                            Daniel B. Snipes
                                            Georgia Bar No.:  665769

Post Office Box 327
Statesboro, Georgia 30459
Telephone:  (912) 764-9055
Facsimile:   (912) 764-8687
dsnipes@ftrsm.com